**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Green Earth Produce Trading, Inc.** | : | **CIVIL ACTION** |
| **2833 Leonis Blvd., #210** | : | |
| **Vernon, CA 90058** | : | |
| **and** | : | |
| **Alberts Organic** | : | |
| **1625 Bush Street** | : | |
| **San Francisco, CA 94109** | : | **NO.** |
| **vs.** | : | |
| **Mediterranean Shipping Company S.A. Geneva** | : | |
| **a/k/a Mediterranean Shipping Company (USA) Inc.** | : | |
| **420 Fifth Avenue** | : | |
| **New York, NY 10018-2702** | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1.      Green Earth Produce Trading, Inc. ("Green Earth") is a corporation with an office and place of business located in Vernon, California.

2.      Alberts Organic ("Alberts") is a corporation with an office and place of business located in San Francisco, California.

2.      Plaintiffs are shippers and/or receivers/consignees of fruit who regularly import their product on board ocean vessels arriving in the ports of Philadelphia.

3.      Defendant, Mediterranean Shipping Company S.A. Geneva a/k/a Mediterranean Shipping Company (USA) Inc. (hereinafter "Mediterranean") is, on information and belief, a foreign corporation with an office and place of business located New York.  At all times material hereto, Mediterranean was the owner, charterer and/or operator of the vessels involved in this shipment.

4.      The vessels owned and/or operated by the above defendant have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5.      Plaintiffs were the shippers, consignees or owners of the cargo described more further below, and brings this action on their own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiffs are duly entitled to maintain this action.

**Jurisdiction and Venue**

6.      Plaintiffs  by and through their attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendant under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

7.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

**COUNT I**

8.      In or about January of 2014, in Paita, Peru,  a shipment of fruit consigned to Green Earth   was delivered in good order and condition aboard the M/V HELENE S for

- 2 -

transportation to the United States and delivered to the vessel in Peru in like good order and condition.

9.      In or about January of 2014, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered MSCUL3240953 for container numbered CRLU1319272 was issued by Meditteranean acknowledging receipt on the vessel of the said shipment in good order and condition.

10.     The cargo was then transferred to the vessels M/V WOGE and M/V CARRIBEAN VOYAGER for the remainder of the voyage to Philadelphia, PA.

11.     Thereafter, various goods were delivered by the above named defendant to Green Earth, whereupon it was discovered that Green Earth's goods were not in like good order and condition as when received aboard the M/V HELENE S, but were instead damaged, deteriorated in value and unfit for sale or use.

12.     The aforesaid damage and loss of Green Earth's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

13.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of this defendant and its obligation as common carriers of goods, Green Earth has sustained damage and loss in an amount in excess of Eleven Thousand Dollars ($11,000.00).

14.     The aforesaid damage and/or loss of Green Earth's cargo was caused by the unseaworthiness of the above named vessel and the negligence of the above-named defendant, its

- 3 -

agents, servants and employees in:

    a.    failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.    failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.    failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.    failing to use proper care under the circumstances;

    e.    failing to provide the proper and requested temperature to the cargo;

    f.    failing to deliver the cargo in a timely manner due to the negligent handling of the shipment of the cargo; and

    g.    other and further particulars which will be shown at the time of trial.

15.    By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of Green Earth's goods and the lack of appropriate stowage aboard the said vessels has suffered damages and loss in excess of Eleven Thousand Dollars ($11,000.00).

16.    Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by Green Earth.

17.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Green Earth prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendant inviting it to appear and answer all and singular the matters aforesaid.

2.      If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessels owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Eleven Thousand Dollars ($11,000.00).

3.      Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessels, their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.      Judgment be entered on behalf of Green Earth and against the defendant plus interest and costs of this action.

5.      Green Earth has such other and further relief in the premises and in law and justice as it may be entitled to receive.

## COUNT II

18.      In or about January of 2014, in Paita, Peru,  a shipment of fruit consigned to Green Earth  was delivered in good order and condition aboard the M/V KIEL TRADER for transportation to the United States and delivered to the vessel in Peru in like good order and condition.

19.      In or about January of 2014, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered MSCUL3244666 for container numbered CAIU5467751 was issued by Meditteranean acknowledging receipt on the vessel of the said

shipment in good order and condition.

       20.     The cargo was then transferred to the vessels M/V WOGE and M/V CARRIBEAN VOYAGER for the remainder of the voyage to Philadelphia, PA.

       21.     Thereafter, various goods were delivered by the above named defendant to Green Earth, whereupon it was discovered that Green Earth's goods were not in like good order and condition as when received aboard the KIEL TRADER, but were instead damaged, deteriorated in value and unfit for sale or use.

       22.     The aforesaid damage and loss of Green Earth's cargo was the result of breaches by the defendant of its obligation as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

       23.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as common carriers of goods, Green Earth has sustained damage and loss in an amount in excess of Twenty-Seven Thousand Dollars ($27,000.00).

       24.     The aforesaid damage and/or loss of Green Earth's cargo was caused by the unseaworthiness of the above named vessel and the negligence of the above-named defendant, its agents, servants and employees in:

       a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

       b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

       c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.    failing to use proper care under the circumstances;

e.    failing to provide the proper and requested temperature to the cargo;

f.    failing to deliver the cargo in a timely manner due to the negligent handling of the shipment of the cargo; and

g.    other and further particulars which will be shown at the time of trial.

25.    By reason of all of the above defendant's negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Green Earth's goods and the lack of appropriate stowage aboard the said vessels has suffered damages and loss in excess of Twenty-Seven Thousand Dollars ($27,000.00).

26.    Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by Green Earth.

27.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Green Earth prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendant inviting it to appear and answer all and singular the matters aforesaid.

2.    If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessels owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Twenty-Seven Thousand Dollars ($27,000.00).

3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessels, their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels

be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

      4.    Judgment be entered on behalf of Green Earth and against the defendant plus interest and costs of this action.

      5.    Green Earth has such other and further relief in the premises and in law and justice as it may be entitled to receive.

## COUNT III

      28.    In or about January of 2014, in Paita, Peru, a shipment of fruit consigned to Alberts was delivered in good order and condition aboard the M/V HELENE S for transportation to the United States and delivered to the vessel in Peru in like good order and condition.

      29.    In or about January of 2014, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered MSCUL3242298 for container numbered CRLU1321990 was issued by Meditteranean acknowledging receipt on the vessel of the said shipment in good order and condition.

      30.    The cargo was then transferred to the vessels M/V WOGE and M/V CARRIBEAN VOYAGER for the remainder of the voyage to Philadelphia, PA.

      31.    Thereafter, various goods were delivered by the above named defendant to Alberts, whereupon it was discovered that Alberts' goods were not in like good order and condition as when received aboard the M/V HELENE S, but were instead damaged, deteriorated in value and unfit for sale or use.

      32.    The aforesaid damage and loss of Alberts' cargo was the result of breaches by the defendant of its obligation as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

33.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as common carriers of goods, Alberts has sustained damage and loss in an amount in excess of Thirty Thousand Dollars ($30,000.00).

34.     The aforesaid damage and/or loss of Alberts' cargo was caused by the unseaworthiness of the above named vessel and the negligence of the above-named defendant, its agents, servants and employees in:

    a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.     failing to use proper care under the circumstances;

    e.     failing to provide the proper and requested temperature to the cargo;

    f.     failing to deliver the cargo in a timely manner due to the negligent handling of the shipment of the cargo; and

    g.     other and further particulars which will be shown at the time of trial.

35.     By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of Alberts' goods and the lack of appropriate stowage aboard the said vessels has suffered damages and loss in excess of Thirty Thousand Dollars ($30,000.00).

36.     Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by Alberts.

37.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Alberts prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendant inviting it to appear and answer all and singular the matters aforesaid.

2.     If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessels owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Thirty Thousand Dollars ($30,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessels, their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Alberts and against the defendant plus interest and costs of this action.

     5.     Alberts has such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY:   <u>EM871</u>
        Eugene J. Maginnis, Jr., Esquire
        1880 John F. Kennedy Boulevard
        Suite 1400
        Philadelphia, PA 19103
        (215) 563-3500
        ATTORNEY FOR PLAINTIFFS

Dated: July 18, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Green Earth Produce Trading, Inc. : CIVIL ACTION
2833 Leonis Blvd., #210 :
Vernon, CA 90058 :
 and :
Alberts Organic :
1625 Bush Street :
San Francisco, CA 94109 : NO.
 vs. :
Mediterranean Shipping Company S.A. Geneva :
a/k/a Mediterranean Shipping Company (USA) Inc. :
420 Fifth Avenue :
New York, NY 10018-2702 :

## DISCLOSURE STATEMENT FORM

Please check one box:

- ■ The nongovernmental corporate party, _____Plaintiff_____ , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.
- ☐ The nongovernmental corporate party, _____ , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

07-18-14_____   EM871_____
Date     Signature

Counsel for:_____Plaintiff_____

### Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

(1) file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.